IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GABRIEL CASIANO,<br><br>　　　Plaintiff,<br><br>v.<br><br>R.C. PAINTING CONTRACTORS, INC. a Florida Profit Corporation,<br><br>　　　Defendant. | CIVIL ACTION<br>CASE NO.: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GABRIEL CASIANO ("CASIANO" or "Plaintiff"), on behalf of himself, by and through undersigned counsel, files this Complaint against Defendant, R.C. PAINTING CONTRACTORS, INC. ("RC"), a Florida Profit Corporation, and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. The Court has supplemental jurisdiction under 28 U.S.C. § 1367, over Plaintiff's unjust enrichment claims, because same arise from the same nucleus of facts as Plaintiff's FLSA claims.

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

5. At all times material hereto, Plaintiff was and continues to be a resident of Gwinnett, Georgia.

6. At all times material hereto, RC was and continues to be a Florida Profit Corporation, with the primary corporate function of providing commercial painting services to large corporate customers, such as Hyatt Regency and Walgreens.

7. At all times material hereto, RC was and continues to be engaged in business in Northern District of Georgia. Further, a substantial portion of the events giving rise to the instant claim occurred within the Northern District of Georgia.

8. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA. Specifically, as part of his duties for Defendant, Plaintiff was and is required to travel to/from Georgia to other states on a regular basis.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

10. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of FLSA.

11. Defendant was and continues to be an "employer" within the meaning of FLSA.

12. At all times material hereto, RC was and continues to be an enterprise engaged in commerce, within the meaning of the FLSA, because it simultaneously did and does business in multiple states, painting its clients' various locations, located throughout the United States.

13. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times relevant hereto, Defendant had more than two employees.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as ladders, paint, paint brushes, motor vehicles, and other tools necessary and integral to the performance of their duties for Defendant.

16. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

17. The additional persons who may become plaintiffs in this action are/were "non-exempt employees" for Defendant, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours and/or who were not paid at least minimum wage for at least some of their work hours, as a result of Defendant's common policy, applicable to all employees, whereby it failed to properly compensate its employees for all time worked.

18. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

19. On or about January 1, 2011, Defendants hired Plaintiff to work as a non-exempt painter.

20. At various times material hereto, Plaintiff was required by Defendant to perform work, such as loading and loading materials on work vehicles, transporting co-employees and materials to work sites, prior to the time he arrived at Defendant's customer's sites each day.

21. At times material hereto, Defendant failed to compensate Plaintiff for the

aforementioned work, by virtue of its policy whereby it did not compensate any employees for such work.

22. As a result of this failure to compensate Plaintiff for the aforementioned hours of work, in some work weeks during the relevant periods of time (2010-2013), Defendant failed to pay Plaintiff at least minimum wage.

23. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

24. From at least January 1, 2011, and continuing through January 1, 2013, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

25. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

26. The Department of Labor previously investigated Defendant, regarding the instant claims, and concluded that the wages claimed due and owing herein, are in fact due and owing, and that the Defendant has violated the FLSA. *See* Letter from Department of Labor, attached hereto as **EXHIBIT A**.

27. Notwithstanding the Department of Labor's investigation and conclusions, Defendant has failed to make payment of wages due and owing to Plaintiff, and those similarly situated.

28. Defendant has violated Title 29 U.S.C. §§ 206 and 207 from at least January 1, 2011, through January 1, 2013, in that:

   a. Defendant failed to pay Plaintiff at least minimum wage in one or more

        workweeks;

  b.    Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

  c.    No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

  d.    Defendant failed to maintain proper time records as mandated by the FLSA.

29.    Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

30.    Plaintiff re-alleges and reavers paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

31.    From at least January 1, 2011 through January 1, 2013, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

32.    Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

33.    At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

34.    Defendant actions were willful and/or showed reckless disregard for the

5

provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

35. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

36. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

37. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

38. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

39. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

40. Plaintiff demands a trial by jury.

## COUNT II
## VIOLATION OF 29 U.S.C. §206 MINIMUM WAGES

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-40 above.

42. Plaintiff was entitled to be paid minimum wage for each workweek he worked during his employment with Defendant.

43. Defendants failed to pay Plaintiff minimum wage for each workweek he worked for Defendant, as a result of its failure to credit him with hours of work for all hours he worked.

44. Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant have refused and/or failed to compensate him for same.

45. As a result of Defendant's actions and/or inactions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants.

46. Defendant had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

47. Defendant willfully failed to pay Plaintiff the Federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

48. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

## COUNT III
## UNJUST ENRICHMENT

49. Plaintiff reasserts and reincorporates by reference all allegations contained within paragraphs 1 through 48 above.

7

50. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form a part of the same case or controversy and arise out of the common nucleus of operative facts as his minimum wage and overtime claims.

51. Defendant suffered and/or permitted Plaintiff and all others similarly situated to him to perform off the clock work in one or more workweeks.

52. Plaintiff and all others similarly situated were not compensated for these hours, off-the-clock hours.

53. Defendant knowingly accepted the off the clock work, but Defendant did not compensate Plaintiff for this work.

54. Defendant has been unjustly enriched as a result of its accepting the work of Plaintiff and other similarly situated employees without proper compensation. It would be unjust to allow Defendant to enjoy the fruits of the collective class' labor without proper compensation.

55. Plaintiff's unjust enrichment claim is made in the alternative to his FLSA claims and is not duplicative thereof.

56. Plaintiff's unjust enrichment claim seeks unpaid straight time compensation for the off the clock work where Plaintiff made at least the minimum wage for all hours worked, when calculated on a workweek basis (as opposed to an hour-by-hour calculation).

## COUNT IV
## DECLARATORY RELIEF

57. Plaintiff adopts all allegations in paragraphs 1 through 56.

58. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending,

which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

59. The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

60. Plaintiff may obtain declaratory relief.

61. Defendant employed Plaintiff.

62. Defendant RC is an enterprise, subject to the coverage of the FLSA in 2009.

63. Defendant RC is an enterprise, subject to the coverage of the FLSA in 2010.

64. Defendant RC is an enterprise, subject to the coverage of the FLSA in 2011.

65. Defendant RC is an enterprise, subject to the coverage of the FLSA in 2012.

66. Plaintiff was individually covered by the FLSA.

67. Defendant failed to pay Plaintiff for all hours worked.

68. Defendant failed to pay Plaintiff in a timely fashion, as required by the FLSA.

69. Defendant did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

70. Defendant failed to take affirmative steps to support a good faith defense.

71. Plaintiff is entitled to liquidated damages.

72. It is in the public interest to have these declarations of rights recorded.

73. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

74. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

75. It is in the interest of all current and former employees to get a declaratory

judgment.

76. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff the declaratory relief sought herein;

c. Awarding Plaintiff unpaid minimum wages, straight-time wages, and overtime compensation in the amount due to him for Plaintiff's time worked, but improperly/inadequately compensated;

d. Awarding Plaintiff liquidated damages in an amount equal to the unpaid minimum wages and overtime awards;

e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b), and all applicable Georgia state statutes;

f. Awarding Plaintiff pre-judgment interest;

g. Issuing an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated "non-exempt employees" employed by Defendants within the past 3 years; and

h. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: May 22nd, 2013

Respectfully submitted,

_____
ANDREW FRISCH, ESQ.
Georgia Bar No. 366105
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile:  (954) 333-3515
E-mail: AFrisch@forthepeople.com

Trial Counsel for Plaintiff